

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 3, 1970

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-717

Re: Authority of a county
clerk to issue a
marriage license to
persons presently
legally married to each
other, and related
question.

Dear Mr. Resweber:

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

"The following are questions which have been
posed by Mr. R. E. Turrentine, Jr., County Clerk
for Harris County, relating to his duties under
the Texas Family Code:

"1. Does the County Clerk have authority
to issue a second marriage license to persons who
are presently legally married to each other?

"2. If the answer to question number one (1)
be in the affirmative, does the County Clerk have
authority to issue the license under such circum-
stances without requiring that the respective ap-
plicants provide medical certificates?"

The Chief Deputy County Clerk of Harris County has
further advised us of the fact situation upon which your request
is based. He stated that your request does not pertain to a
situation wherein a marriage license was lost, mutilated or
destroyed, as was the case in Attorney General's Opinion No.

C-407 (1965). Rather, the request for our opinion was occasioned by two fact situations; in the first, a married couple had been issued a marriage license, had been married in a civil ceremony, and thereafter desired a license to be issued so they could be married in a religious ceremony; in the second, the husband and wife of a common law union (evinced by the filing of a declaration of informal marriage filed pursuant to Section 1.92 of the Texas Family Code) sought the issuance of a marriage license so that they could be married ceremonially. The common law couple, though under the age limits for a marriage license set by Section 1.52 of the Code, asserted a valid common law marriage between them by virtue of the holding of Attorney General's Opinion No. M-502 (1969).

Section 1.03(b)(5) of the Code provides that applicants for a marriage license shall execute an application form containing the following oath:

"I SOLEMNLY SWEAR (OR AFFIRM) THAT THE INFOR-
MATION I HAVE GIVEN IN THIS APPLICATION IS CORRECT,
THAT I AM NOT PRESENTLY MARRIED, AND THAT I AM NOT
RELATED TO THE OTHER APPLICANT WITHIN THE DEGREES
PROHIBITED BY LAW."  (Emphasis added.)

Section 2.22 of the Code provides, in part, that:

"A marriage is void if either party was pre-
viously married and the prior marriage is not dissolved."

Section 1.07(b) of the Code provides:

"The county clerk shall not issue a license to
the applicants if he knows any facts which would
make the marriage void or voidable under this code."

However, Section 1.05 of the Code provides as follows:

"Any information pertaining to an applicant,
other than the applicant's name, may be omitted from
the application, and any formality required by Sub-
chapters A, B, and D of this chapter may be waived on

the county judge's written order, issued for good
cause shown, and submitted to the county clerk
at the time the application is made." (Emphasis added.)

We believe that Sections 2.22, 1.03(b)(5), 1.07(b),
supra, are not applicable to persons presently and validly
married to each other. This is in keeping with the Code Con-
struction Act, Article 5429b-2, Section 3.03, Vernon's Civil
Statutes.

We are further of the opinion that the portion of the
oath contained in Section 1.03(b)(5), supra, reading "that I am
not presently married", does not apply to persons presently
validly married to each other and this may be waived by the
county judge pursuant to Section 1.05, supra, and that persons
currently married to each other may, by securing such waiver,
be issued a marriage license. This opinion is given subject
to the proviso that marriage license applicants who allege a
common law union between them, cannot, even with the judge's
waiver as set forth above, be granted a marriage license unless
the requirements of age and/or parental consent provided by
Section 1.52 of the Code are met.

In answer to your first question, therefore, we are of
the opinion that a county clerk may not issue a marriage license
to persons presently married to each other, unless (a) a waiver
from the county judge pursuant to Section 1.05, supra, waiving
the recitation by the parties of that portion of the oath re-
quired by Section 1.03(b)(5), wherein they state they are not
presently married, is obtained, and (b) both of the parties
fulfill the age and/or parental consent requirements of Section
1.52.

With reference to your second question, we note that
Section 1.02(2) of the Code provides, in part, as follows:

"Persons applying for a marriage license shall:

(2) submit for each applicant:

. . . . .

(B) a medical examination certificate or
an exemption order as prescribed by Sub-
chapter B of this chapter;

(C) if applicable, the county judge's order
prescribed by Section 1.05 of this code ..."

Section 1.21 of the Code provides that:

"Except as provided by Section 1.22 of this
code, the county clerk shall not issue a marriage
license unless each applicant submits at the time
of the application a medical examination certificate
as prescribed by this code."

Section 1.22 of the Code states that:

"On the joint application of both applicants
for a marriage license, the judge of any county
or district court of the county in which the license
is to be issued may issue a written order exempting
the applicants from the medical examination require-
ments of this chapter if he is satisfied by proof that
sufficient grounds exist for the exemption and that the
exemption will not adversely affect the public health
and welfare. The hearing on the application shall be
private, and all records relating to the application
shall be held in absolute confidence and shall not be
opened to public inspection."

In view of the foregoing, and in answer to your second
question, we are of the opinion that a county clerk does not
have authority to issue a marriage license to persons entitled
to same by virtue of our answer to your first question, without
requiring that the parties provide medical certificates, unless
the parties have obtained one of the exemptions from presenting
such certificate pursuant to Subsections (B) or (C) of Section
1.02(2), supra, or Sections 1.22 and 1.05, supra.

## S U M M A R Y

(1) A county clerk does not have the authority to issue a marriage license to persons who are presently legally married to each other unless (a) such persons meet the age and/or parental consent requirements of Section 1.52 of the Texas Family Code, and (b) a waiver of that portion of the oath required by Section 1.03(b)(5) of the Code reading "that I am not presently married" is obtained from the county judge pursuant to Section 1.05 of the Code.

(2) A county clerk does not have authority to issue a marriage license to persons entitled to one by virtue of the exceptions set forth in paragraph (1) of this Summary unless such persons either (a) present the medical certificate required by Section 1.02(2)(B) of the Code, or (b) obtain an exemption from presenting such certificate pursuant to Subsections (B) or (C) of Section 1.02(2), 1.05, or Section 1.22 of the Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Melvin Corley
James Quick
John Reese
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant